# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 2919 | **DATE** | July 3, 2012 |
| **CASE TITLE** | MEPCO FIN. CORP. V. WARRANTY ADMIN. SERVS., INC. d/b/a CONSUMER DIRECT WARRANTY SERVS. | | |

**DOCKET ENTRY TEXT:**

The Individual Defendants' Motion to Vacate Default and Judgment [19] is DENIED. Status hearing set for 7/20/2012 is stricken.

## STATEMENT

     Plaintiff Mepco Finance Corporation ("Mepco"), a Michigan company with its principal place of business in Illinois, services payment plan programs for consumer purchasers of product warranties. One type of warranty with which Mepco deals is the warranty to cover repairs on vehicles after the consumer purchasers use engine additives or other products. The warranties themselves are actually written by "administrators," who sell the warranties through actual vendors, or "sellers." Under written agreements, Mepco provides up-front funding to both administrators and sellers, who agree to repay the funding after they actually sell warranties to individual consumers. This financing arrangement permits the sellers to set up monthly installment payments with the consumers rather than enforcing a lump sum payment.

     According to a complaint filed May 2, 2011, Mepco entered into such an agreement with the corporate defendant Warranty Administration Services, d/b/a Consumer Direct Warranty Services ("CDWS"). The complaint also named two individuals as defendants. Defendant Robert Lewis Chapman is CDWS's President and CEO. Defendant James Carl Sletner is the company's Vice President and CFO. Together, they comprise the entirety of CDWS's executive suite. The two combined are the only shareholders in the company. Chapman and Sletner are residents of California. CDWS is a Nevada corporation with its principal place of business in California.

     The complaint and later briefing state that in 2007, Chapman and Sletner conducted a search for funding for CDWS's warranty servicing operations. That search led them to Mepco, with its principal place of business in Chicago, Illinois. After "numerous conversations" with Mepco personnel, Chapman and Sletner decided to have CDWS enter into the agreement with Mepco. The agreement has a forum selection clause indicating Illinois as the forum for any disputes. After entering the agreement and getting its funding, CDWS sold 1,193 warranty products in Illinois, generating over $1 million in revenue.[1]

     The complaint alleges that CDWS breached its written promise to repay funds owed to Mepco. It

further alleged fraudulent transfer of funds, breach of fiduciary duty, and unlawful distribution. The latter three charges all relate to an allegation that Chapman and Sletner systematically looted the company of more than $7 million in funds, leaving it unable to pay its corporate obligations.

Neither the corporate nor individual Defendants appeared, answered, or otherwise plead, so a default order was entered on June 15, 2011. Judgment followed on August 18, 2011. Several months later, on March 27, 2012, Individual Defendants Chapman and Sletner moved under Rule 60(b)(4) to vacate the default order and judgment as to them and to dismiss the case for want of personal jurisdiction.

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if, among other reasons, the "judgment is void." Fed. R. Civ. P. 60(b)(4). One type of void judgment is one for which the court has no personal jurisdiction over the defendant. When, as here, a defendant defaults on a complaint to and seeks to void a judgment under Rule 60(b)(4), that defendant bears the burden of proving that the court lacked jurisdiction over him. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857 (7th Cir. 2011) (contrasting 60(b)(4) standard with burden of proof if personal jurisdiction raised by Rule 12 motion at outset of case).

Here, not only have Defendants failed to carry their burden, but it is clear from the briefs and other submissions that this court has personal jurisdiction over them. Defendants' main argument in disputing personal jurisdiction comes under the "fiduciary shield doctrine." This doctrine holds that "a court cannot exercise jurisdiction over a nonresident defendant who has performed acts in Illinois solely as a representative of his employer, and not for his personal benefit." *Glass v. Kemper Corp.*, 930 F. Supp. 332, 340 (N.D. Ill. 1996) (citing *Rollins v. Ellwood*, 565 N.E.2d 1302,1316 (Ill. 1990)). Defendants argue that while CDWS may have contacts with Illinois, they were merely individual employees of the corporation and otherwise had no ties to Illinois.

It is the last, qualifying clause of the doctrine that permits personal jurisdiction to attach in this case. As the Seventh Circuit has stated in a case discussing the fiduciary shield doctrine, "[t]he shield is withdrawn if the agent was acting also or instead on his own behalf - to 'serve personal interests.'" *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994) (quoting *Rollins*, 565 N.E.2d at 1318). "'[P]ersonal gain, discretionary actions, and ownership of most of a corporation's stock,' all bear on the issue of whether a defendant's 'conduct in Illinois was a product of, and was motivated by, his employment situation and not his personal interests.'" *Femal v. Square D Co.*, 903 N.E.2d 32, 38 (Ill. App. Ct. 2009). Here, the individual Defendants were the sole officers in CDWS. Between them, they owned 100% of the outstanding shares in the entity. There could be no major CDWS corporate action without their pursuit and approval, and effectively all of the benefit of such action inured to them given their equity in CDWS.

This case presents a near-paradigmatic example of when to lower the fiduciary shield. With that shield lowered, CDWS's contacts with Illinois (which are ample and undisputed) attach to the Individual Defendants.

The rest of the Individual Defendants' arguments sound in the merits of the case. As Plaintiff has rightly stated, the time for such arguments has long passed. *See Bally Export Corp. v. Balicar*, 804 F.2d 398, 403 (7th Cir. 1986) (declining to consider substantive defenses to contract in Rule 60(b)(4) context).

The Rule 60(b)(4) motion is DENIED and the judgment in this case is to remain in effect.

---

1. That CDWS is subject to jurisdiction in Illinois is undisputed (and indisputable).